IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00779-PAB-CBS

US BANK, N.A., as successor trustee to Wachovia Bank, N.A.,
as Trustee for Wells Fargo Asset Securities Corporation,
Mortgage Pass-Through Certificates, Series 2005-14,

      Plaintiff,

v.

KIMBERLY M. MAYHEW and
DOUGLAS A. MAYHEW,
and any and all other occupants claiming an interest under the defendants,

      Defendants,

DOUGLAS A. MAYHEW,

      Third-Party Plaintiff,

v.

CHERRY CREEK MORTGAGE CO., INC., et al.,

      Third-Party Defendants.
_____

## ORDER REMANDING CASE TO STATE COURT
_____

This matter comes before the Court on plaintiff U.S. Bank, N.A.'s motion to remand [Docket No. 7]. Defendant Douglas A. Mayhew responded [Docket No. 21] and plaintiff replied [Docket No. 22]. The matter is fully briefed and ripe for review. Because I conclude that removal was improper, the case is remanded to the state court for all further proceedings.

## I. BACKGROUND

Plaintiff filed this action in County Court for Boulder County, Colorado on or around March 19, 2009, seeking a judgment dispossessing defendants of their residence pursuant to the foreclosure of a deed of trust and the associated sale of the property to plaintiff.  *See* Notice of Removal [Docket No. 1], ex. 1 (Verified Compl. in Unlawful Detainer).  Mr. Mayhew filed his responsive pleading – an answer, counterclaims, cross-claims, and third-party claims – on April 3, 2009.  *See* Notice of Removal, ex. 4 (Am. Verified Answer Including Countercls. Cross-claims and Third Party Compls. to Be Determined Pursuant to C.R.C.P. Rule 105 and Jury Demand).

After first being transferred to Boulder County District Court, Mr. Mayhew removed the case to this Court on April 6, 2009.  *See* Notice of Removal ¶¶ 3-4.  As the basis for the Court's subject-matter jurisdiction over the case Mr. Mayhew cited 28 U.S.C. § 1331 (federal question) and § 1332 (diversity of citizenship).  On April 27, 2009, plaintiff U.S. Bank filed a motion to remand, arguing that Mr. Mayhew's removal suffered from jurisdictional and procedural defects.  According to plaintiff, removal was improper because Mr. Mayhew failed to obtain the consent of all defendants, Mr. Mayhew was prohibited from removing the case under diversity jurisdiction because he is a citizen of Colorado, and the Court lacked subject-matter jurisdiction over the matter.  *See* Pl.'s Mot. to Remand [Docket No. 7].  On June 18, 2009, Mr. Mayhew filed a response urging the Court to disregard defendant Kimberly Mayhew for purposes of

removal and arguing that the Court's subject-matter jurisdiction is proper.[1]  Plaintiff U.S.

Bank's July 6, 2009 reply asks the Court to strike Mr. Mayhew's response as untimely

and briefly reasserts its positions regarding subject-matter jurisdiction.[2]

## II. ANALYSIS

### A.  Legal Standards – Removal and Remand

Generally, a defendant may remove "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction."  28 U.S.C. §

1441(a) (2006).  There are two basic statutory grounds for original jurisdiction in federal

district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity

jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231,

1235 (10th Cir. 2003).  As noted above, Mr. Mayhew alleges that the Court maintains

both federal-question and diversity jurisdiction over this case.

---

[1] According to Mr. Mayhew, his former wife, Kimberly Mayhew, is a "sham defendant" who has acted in collusion with defendant, was fraudulently joined in this action, and has not appeared or participated in the case.  *See* Def.'s Resp. to Pl.'s Mot. to Remand [Docket No. 21] ¶¶ 3-6.  Accordingly, Mr. Mayhew argues that the Court should not consider Ms. Mayhew's consent to the removal of this case.  Ultimately, however, I need not engage this inquiry because other defects prove dispositive on the remand question.

[2] Plaintiff's request to strike Mr. Mayhew's response is not a proper motion.  *See* D.C.COLO.LCivR 7.1C ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.").  Furthermore, plaintiff's reply is itself late, filed three days after the July 3, 2009 deadline.  *See* D.C.COLO.LCivR 7.1C ("The moving party may file a reply within 15 days after *the filing date* of the response . . . ." (emphasis added)).  Plaintiff's own untimeliness belies any claim of prejudice due to defendant's late filing.  Therefore, the Court proceeds to the substance of the remand question without striking either of the filings.

It is well settled that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  The jurisdiction inquiry is guided by the principle that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

 If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).  Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

## B.  Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2006). "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotation marks and alteration marks omitted).  In other words, "[a]s a general

4

rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

In the present case, plaintiff U.S. Bank's Complaint alleges only a state-law claim under the state forcible entry and detainer statute. The only specific relief requested is a judgment effecting transfer of possession of the residence in question. *See* Notice of Removal, ex. 1 (Verified Compl. in Unlawful Detainer) at 2 (demanding "judgment for possession of the premises, and such other and further relief as this Court may deem appropriate"). Mr. Mayhew asserts in his notice of removal that federal-question jurisdiction obtains because "there exists a preempting question 'arising under' federal law, 'TILA Rescission' under 15 U.S.C. §1635(a), of original jurisdiction [sic] the district courts of the United States."[3] Notice of Removal ¶ 3. Because Mr. Mayhew is proceeding in this case without the aid of an attorney, I must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Truckwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, even with this benefit in his favor, no reasonable construction of Mr. Mayhew's filings reveal a theory under which plaintiff's Complaint can be read to advance a federal question.

The least strained interpretation of Mr. Mayhew's statement cited above regarding federal-question jurisdiction is that he wishes to assert the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f (2006), as a defense to plaintiff's forcible

---

[3] The Court makes no findings regarding defendant's ability to invoke § 1635(a) in light of the exemption found later in that section at 15 U.S.C. § 1635(e).

entry and detainer claim.  However, it is without question that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . . . ."  *Vaden*, 129 S. Ct. at 1272 (citing *Louisville & Nashville R.R.*, 211 U.S. at 152.  Mr. Mayhew fairs no better if the statement in his notice of removal is construed instead as referencing his counterclaims.  *See Vaden*, 129 S. Ct. at 1272-73 ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").  Furthermore, the rationale for excluding counterclaims for the purpose of determining the existence of "arising under" jurisdiction applies with equal force to Mr. Mayhew's third-party claims.  *See Holmes Group, Inc. v. Vornado Air Circulation Sys. Inc.*, 535 U.S. 826, 831-32 (2002) (explaining that counterclaims cannot establish "arising under" jurisdiction because doing so would undermine plaintiff's status as "master of the complaint," impermissibly expand the types of cases that could be removed, and undermine the administrative efficiency of the courts); *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 820-21 (S.D.W. Va. 2004) (applying rationales in *Holmes Group* to third-party claims).

Mr. Mayhew offers another preemption argument in his response to plaintiff's motion to remand: "Simply, U.S. Bank is using its invalid FED action to subvert this Court and those actions filed within it that preempt any later state court FED action or its alleged sole jurisdiction."  Def.'s Resp. to Pl.'s Mot. to Remand [Docket No. 21] ("Def.'s Resp.") ¶ 11.  By reference to "those actions filed within [this Court]," Mr. Mayhew appears to be arguing that the Court has jurisdiction over the present matter by extension of its jurisdiction over two related matters (Case Nos. 08-cv-02091-ZLW-BNB and 09-cv-00219-PAB-CBS).  In other words, he appears to argue that jurisdiction is

6

proper here because if the present case is permitted to proceed in state court, it would threaten to undermine two related cases that Mr. Mayhew filed in this Court. I am not persuaded by this argument.

This Court has limited authority to interject itself into parallel state proceedings. *See*, *e.g.*, *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281 (1970). Furthermore, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005); *see also Fajen v. Found. Reserve Ins. Co.*, Inc., 683 F.2d 331, 333 (10th Cir. 1982). Nothing in the removal statutes suggests that a case can be removed to federal court pursuant to "arising under" jurisdiction based simply on the prospect that a state court may issue a ruling which would impact a case pending in federal court. On the contrary, there is broad support for a state court's ability to rule on issues which construe and impact federal questions. *See*, *e.g.*, *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 809-11, 817-18 (1976); *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507-08 (1962); *Powers v. Southland Corp.*, 4 F.3d 223, 235 (10th Cir. 1993). As a result, Mr. Mayhew cannot prevail on his apparent theory that this Court has removal jurisdiction due to the potential impact that state court proceedings in the present action would have on other federal cases.

Mr. Mayhew's response to plaintiff's motion to remand suggests yet another interpretation of the statement that "there exists a preempting question 'arising under' federal law, 'TILA Rescission' under 15 U.S.C. §1635(a), of original jurisdiction the

district courts of the United States." *See* Def.'s Resp. ¶ 13.  Mr. Mayhew invokes the

terminology and the case law surrounding the doctrine of "complete preemption."

As a general rule, the "plaintiff is the 'master of the claim' and may prevent

removal by choosing not to plead a federal claim even if one is available." *Schmeling v.*

*NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (citing *Caterpillar Inc. v. Williams*, 482

U.S. 386, 392 (1987)).  However, there are limits to this proposition.  For example,

"[u]nder the 'artful pleading' doctrine, . . . a plaintiff may not defeat removal by failing to

plead federal questions that are essential elements of the plaintiff's claim." *Schmeling*,

97 F.3d at 1339 (citing *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers*

*Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)).

The way these rules translate into practice is that, outside a few narrow

exceptions, a claim that is stated in terms of state law "may be removed to federal court

in only two circumstances – when Congress expressly so provides, such as in the

Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of

action through complete pre-emption."[4] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8

(2003) (internal citation omitted).  The latter category of cases comprise what is known

as the doctrine of "complete preemption."  "Complete preemption" is of a different breed

than the commonplace preemption which often is asserted as a defense. *Metro. Life*

---

[4] The first category is not applicable to the present case.  Statutes such as the Price-Anderson Act not only specifically grant federal courts jurisdiction over state-law claims but also expressly provide for removal of such actions brought in state court even if they assert only state-law claims. *See Beneficial Nat'l Bank*, 539 U.S. at 6.  TILA provides no such grant, and instead states that "[a]ny action under [the private cause of action] section may be brought in any United States district court, or in *any other court of competent jurisdiction* . . . ."  15 U.S.C. § 1640 (2006) (emphasis added).

*Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).  "Complete preemption" exists where

Congress chooses to "so completely pre-empt a particular area that any civil complaint

raising this select group of claims is necessarily federal in character."  *Metro. Life Ins.*,

481 U.S. at 63-64.  When a claim falls into one of these particular areas, "a plaintiff's

state cause of action may be recast as a federal claim for relief, making its removal by

the defendant proper on the basis of federal question jurisdiction."  *Vaden*, 129 S. Ct. at

1273 (internal quotation marks and alteration marks omitted).

 The Supreme Court has found that certain claims under the Labor Management

Relations Act of 1947 (LMRA), *see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of

Machinists & Aerospace Workers*, 390 U.S. 557 (1968), the Employee Retirement

Income Security Act of 1974 (ERISA), *see Metro. Life Ins.*, 481 U.S. at 66; *Franchise

Tax Bd.*, 463 U.S. at 25-26, and the National Bank Act (NBA), *see Beneficial Nat'l Bank*,

539 U.S. at 11; *Cuomo v. Clearing House Ass'n, L.L.C.*, --- U.S. ----, 129 S. Ct. 2710

(2009), fall within the complete preemption doctrine.

 Neither the Supreme Court nor the Tenth Circuit Court of Appeals has ruled on

whether TILA, the statute relied upon by Mr. Mayhew, falls within the complete

preemption doctrine.  Unlike the statutes afforded complete preemptive effect, there is

neither clear Congressional intent nor case law suggesting that TILA has a similar

impact.  *Cf. Metro. Life Ins.*, 481 U.S. at 65-66; *Beneficial Nat'l Bank*, 539 U.S. at 10-11.

Courts that have addressed the issue have found that TILA does not completely

preempt state-law claims.  *See*, *e.g.*, *Magee v. Exxon Corp.*, 135 F.3d 599, 601-02 (8th

Cir. 1998); *Homesales, Inc. v. Frierson*, No. CV 08-08607 MMM (FMOx), 2009 WL

365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009); *Petty v. Gulf Guar. Ins. Co.*, 303 F. Supp.

2d 815, 818 (N.D. Miss. 2003); *McCrae v. Commercial Credit Corp.*, 892 F. Supp. 1385,

1386-87 (M.D. Ala. 1995).

> For the complete preemption doctrine to apply, Congress must have intended a

particular statute to provide the exclusive cause of action for a specific type of claim.

*Beneficial Nat'l Bank*, 539 U.S. at 9.  There is nothing in Congress's stated purpose for

TILA which indicates an intent to preempt state law:

> It is the purpose of [TILA] to assure a meaningful disclosure of credit terms
> so that the consumer will be able to compare more readily the various
> credit terms available to him and avoid the uninformed use of credit, and
> to protect the consumer against inaccurate and unfair credit billing and
> credit card practices.

15 U.S.C. § 1601(a) (2006).  Instead, TILA demonstrates Congress's specific intent to

preserve overlapping state laws:

> [e]xcept as provided in section 1639 of this title, this subchapter does not
> otherwise annul, alter or affect in any manner the meaning, scope or
> applicability of the laws of any State, including, but not limited to, laws
> relating to the types, amounts or rates of charges, or any element or
> elements of charges, permissible under such laws in connection with the
> extension or use of credit, nor does this subchapter extend the
> applicability of those laws to any class of persons or transactions to which
> they would not otherwise apply.

15 U.S.C. § 1610(b) (2006).  TILA also demonstrates Congress's intent to maintain

state court forums: "Any action under this section may be brought in any United States

district court, or in any other court of competent jurisdiction . . . ."  15 U.S.C. § 1640

(2006).  Therefore, the language of the statute demonstrates that Congress did not

intend TILA to completely preempt state-law claims in the consumer credit context.

10

Even if it could be argued that, despite the language cited here, TILA completely preempts certain state-law claims, the act nonetheless does not extend to plaintiff's claim in this case. First, although Mr. Mayhew suggests otherwise, the complete preemption doctrine only applies to claims presented in a complaint, not to defenses or counterclaims. *See Vaden*, 129 S. Ct. at 1273; *accord Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 821 (S.D.W. Va. 2004). Second, the complete preemption doctrine is not as complete as its name may suggest. In other words, an act which completely preempts certain state law claims does not necessarily completely preempt all duplicative state law claims so as to allow removal through recharacterization as a federal claim. *See*, *e.g.*, *Franchise Tax Bd.*, 463 U.S. at 25-26 (declaring that certain state law claims, while generally preempted by ERISA, were not "completely preempted" by the act, making removal based on them improper); *Cuomo*, 129 S. Ct. 2710 (exception to preemption under the NBA). Second, forcible entry and detainer actions, such as the one involved in this case, are specifically permitted under Colorado law with no equivalent process under TILA. *See* Colo. Rev. Stat. Ann. § 13-40-101 (West 2009); *Homesales, Inc.*, 2009 WL 365663, at *2 n.8 ("An unlawful detainer action is a true state law claim, and neither RESPA nor TILA completely preempts state law claims."). In other words, defendant Mayhew fails to offer, and the Court does not envision, a way in which plaintiff U.S. Bank could have characterized its claim under TILA in the first instance. Therefore, plaintiff did not artfully plead around a TILA claim and the complete preemption doctrine has no application in this case.

### D.  Diversity Jurisdiction

In its motion to remand, plaintiff asserts that Mr. Mayhew may not rely on

diversity jurisdiction to remove this case because Mr. Mayhew is a citizen of the state in

which this action was brought.  *See* Motion to Remand at 5-6 (citing *Lincoln Property*

*Co. v. Roche*, 546 U.S. 81 (2005); *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302

(11th Cir. 2001)).  The *Tillman* case, in turn, cites 28 U.S.C. § 1441(b), which states that

> [a]ny civil action of which the district courts have original jurisdiction
> founded on a claim or right arising under the Constitution, treaties or laws
> of the United States shall be removable without regard to the citizenship or
> residence of the parties.  *Any other such action shall be removable only if*
> *none of the parties in interest properly joined and served as defendants is*
> *a citizen of the State in which such action is brought*.

28 U.S.C. § 1441(b) (emphasis added); *see Tillman*, 253 F.3d at 1305.

There is no dispute that Mr. Mayhew is a citizen of Colorado, the state in which

this action was brought.  Furthermore, plaintiff objected to this removal defect in a timely

manner.  *Cf. Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1093 (10th Cir. 1970) (holding that

improper removal under §1441(b) may be waived where a plaintiff acquiesces,

participates in a case, and fails to object in a timely manner).  Therefore, removal by Mr.

Mayhew on diversity grounds was improper under § 1441(b).

### III.  CONCLUSION

Because this Court lacks federal-question jurisdiction over this matter and

diversity jurisdiction may not serve as a basis for removal due to 28 U.S.C. 1441(b), the

Court may not consider the merits of Mr. Mayhew's defenses, counterclaims, or third-

party claims.  *See Trackwell v. United States Gov't*, 472 F.3d 1242, 1245 (10th Cir.

2007) ("[A] court must have jurisdiction before it can rule on the merits." (citing *Steel Co.*

*v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998))).  Instead, the case must be remanded to state court for all further proceedings.  Therefore, it is

**ORDERED** that plaintiff U.S. Bank N.A.'s motion to remand [Docket No. 7] is GRANTED.  This case is REMANDED to the District Court, Boulder County, Colorado, where it was originally filed as Case No. 2009CV291.

DATED July 17, 2009.

BY THE COURT:

s/ Philip A Brimmer
PHILIP A. BRIMMER
United States District Judge